# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/28/2020
CT Log Number 538174606

**TO:** Erik Podbutzky
Transworld Systems Inc.
500 Virginia Dr Ste 514
Fort Washington, PA 19034-2707

**RE:** **Process Served in New York**

**FOR:** Transworld Systems Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jennifer Lynch and Tinamarie Pepe, etc., Pltfs. vs. Transworld Systems, Inc. et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 6066332020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/28/2020 at 14:10 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/31/2020, Expected Purge Date: 09/05/2020 |
| | Image SOP |
| | Email Notification,  Erik Podbutzky  lawsuits@tsico.com |
| | Email Notification,  Richard Drezek  legal.review@tsico.com |
| | Email Notification,  James Schultz  jschultz@sessions-law.biz |
| | Email Notification,  Lori Schmitt  lschmitt@sessions.legal |
| | Email Notification,  Diana Orellana  dorellana@sessions.legal |
| | Email Notification,  Donielle Lambert  dlambert@sessions.legal |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / EC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT A

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**               Fri, Aug 28, 2020

**Server Name:**        Gina Eannucci

**Location:**           Westbury, NY

| Entity Served | TRANSWORLD SYSTEMS INC. |
|---|---|
| Agent Name | |
| Case Number | 606633/2020 |
| Jurisdiction | NY |



## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF SUFFOLK

-------------------------------------------------------------------X

JENNIFER LYNCH and TINAMARIE PEPE, on behalf
of themselves and all others similarly situated,

<table>
<tr><td></td><td></td></tr>
<tr><td style="text-align:center">Plaintiffs,</td><td>Index No.:</td></tr>
<tr><td></td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>**SUMMONS**</td></tr>
<tr><td></td><td></td></tr>
<tr><td>TRANSWORLD SYSTEMS, INC. and<br>JOHN AND JANE DOES 1-10,</td><td>Plaintiffs designate<br>SUFFOLK COUNTY<br>as the place of trial</td></tr>
<tr><td style="text-align:center">Defendants.</td><td></td></tr>
</table>

-------------------------------------------------------------------X

The basis of the venue is
Plaintiffs' residence

To the above-named Defendant:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive

of the day of service (or within 30 days after the service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your failure to appear

or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Page **1** of **16**

Dated: June 6, 2020

                          *s/Francis R. Greene*
                       Francis R. Greene
          Francis R. Greene
          Alla Gulchina
          STERN•THOMASSON LLP
          150 Morris Avenue, 2nd Floor
          Springfield, New Jersey 07081
          Telephone (973) 379-7500
          E-mail: Francis@SternThomasson.com
          E-mail: Alla@ SternThomasson.com

          Simon Goldenberg
          LAW OFFICE OF SIMON GOLDENBERG PLLC
          818 East 16th Street
          Brooklyn, New York 11230
          Telephone: (347) 640-4357
          E-mail: simon@goldenbergfirm.com

          *Attorneys for Plaintiffs, Jennifer Lynch and*
          *Tinamarie Pepe*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
-------------------------------------------------------------------X

JENNIFER LYNCH and TINAMARIE PEPE, on behalf
of themselves and all others similarly situated,

                           Plaintiffs,

                                                  Index No.:

                          v.

TRANSWORLD SYSTEMS, INC., and
JOHN AND JANE DOES 1-10,

                           Defendants.
-------------------------------------------------------------------X

**COMPLAINT-**
**CLASS ACTION AND**
**DEMAND FOR JURY**
**TRIAL**

      This action is brought by Plaintiff, JENNIFER LYNCH and TINAMARIE PEPE against

Defendants, TRANSWORLD SYSTEMS, INC. ("TSI") and JOHN AND JANE DOES 1-10

("DOES"), based on the following:

## I.      PRELIMINARY STATEMENT

      1.      Plaintiffs bring this action individually and on behalf of all others similarly

situated for the illegal practices of Defendant, when attempting to collect alleged debt from them,

in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

      2.      Such practices include attempting to collect consumer debts by engaging in

conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

      3.      The FDCPA regulates the behavior of "debt collectors" (including collection

agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt.

Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4.      The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7.      When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a

Page **4** of **16**

list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

8.    When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

9.    When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less. 15 U.S.C. § 1692k(a)(2)(A)-(B).

10.    Plaintiffs seek, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.    PARTIES

11.    LYNCH is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the Hamlet of Deer Park, Suffolk County, New York.

12.    PEPE is a natural person who at all times relevant to this lawsuit was a citizen of, and resided in, the Hamlet of West Islip, Suffolk County, New York.

13.    TSI is a for-profit company company formed under the laws of the State of California.

14.    TSI is a California Domestic Business Corporation and a New York Foreign Business Corporation.

Page **5** of **16**

15.     TSI's principal place of business is located at 5880 Commerce Boulevard, Rohnert Park, California 94928.

16.     TSI's registered agent in New York is CT Corporation System, 111 8th Avenue, New York, NY 10011-5201.

17.     DOES are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiff will amend this complaint by inserting the true names and capacities of the DOE defendants once they are ascertained.

### III.    JURISDICTION & VENUE

18.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d).

19.     The Court has personal jurisdiction over Defendant pursuant to CPLR 301 and CPLR 302(a)(1) because Defendant transacts business within the state.

20.     Venue is appropriate in Suffolk County pursuant to CPLR 503 and 509 because Plaintiffs reside in Suffolk County.

### IV.    FACTS RELATING TO DEFENDANTS

21.     TSI regularly engages in the collection or attempted collection of defaulted consumer debts owed to others.

22.     TSI is a business, the principal purpose of which is the collection of defaulted consumer debts.

23.     In attempting to collect debts, TSI uses the mails, telephone, the internet, and other instruments of interstate commerce.

24.     On information and belief, and based on advice of counsel, DOES are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted

Page **6** of **16**

consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of TSI that are the subject of this Complaint. DOES personally control, and are engaged in, the illegal acts, policies, and practices utilized by TSI and, therefore, are personally liable for all the wrongdoing alleged in this Complaint.

## V.     FACTS RELATING TO LYNCH

25.     TSI mailed, or caused to be mailed, a letter dated June 6, 2019 (the "Lynch Letter") to LYNCH.

26.     A true and correct copy of the Lynch Letter is attached as *Exhibit A*, except that portions of the Letter are redacted.

27.     On information and belief, the Lynch Letter was mailed on or after the Letter's date.

28.     The Lynch Letter concerned three student loans (the "Lynch Debt").

29.     The Lynch Debt was placed with TSI for purposes of collection.

30.     The Lynch Letter was TSI's first written communication to LYNCH to attempt to collect the Debt.

31.     The Lynch Letter contended that LYNCH owed the Debt.

32.     The Lynch Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes, namely loans to pay for education.

33.     The Lynch Letter identified the creditor as the National Collegiate Student Loan Trust 2006-2.

34.     On information and belief, the Lynch Letter's identification of the the National Collegiate Student Loan Trust 2006-2 was false.

35.     On information and belief, the creditor was National Collegiate Student Loan

Trust 2006-3.

36.     The Lynch Letter identified the default date for the three student loans as

February 3, 2012, March 8, 2012, and April 4, 2012 respectively.

37.     As of the date of the Letter, June 6, 2019, the three student loans were no longer

judicially enforceable because the six year statute of limitations on written contracts had run.

## VI.     FACTS RELATING TO PEPE

38.     TSI mailed, or caused to be mailed, two letters dated June 9, 2019 (the "Pepe

Letters") to PEPE.

39.     A true and correct copy of the Pepe Letters are attached as ***Exhibits B and C***,

except that portions of the Letters are redacted.

40.     On information and belief, the Pepe Letters were mailed on or after the Letters'

date.

41.     The Pepe Letters concerned two student loans (the "Pepe Debt").

42.     The two loans were the same as two of LYNCH's three loans.

43.     The Debt was placed with TSI for purposes of collection.

44.     The Pepe Letters were TSI's first written communications to PEPE to attempt to

collect the Pepe Debt.

45.     The Letter contended that PEPE owed the Debt.

46.     The Debt arose out of one or more transactions in which the money, property,

insurance, or services that were the subject of the transactions were primarily for personal,

family, or household purposes, namely LYNCH's education.

47.    The Letters identified the creditor as the National Collegiate Student Loan Trust 2006-3.

48.    On information and belief, the Letter's identification of the the National Collegiate Student Loan Trust 2006-3 was false.

49.    On information and belief, the creditor was National Collegiate Student Loan Trust 2006-2.

50.    The Letter identified the default date for the two student loans as September 4, 2012 and October 1, 2012, respectively.

51.    As of the date of the Letter, June 6, 2019, the two student loans were no longer judicially enforceable because the six year statute of limitations on written contracts had run.

## VII.    FACTS RELATING TO BOTH PLAINTIFFS

52.    The Lynch Letter and the Pepe Letters (collectively "the Letters") did not notify Plaintiffs that the loans were no longer judicially enforceable.

53.    Rather, the Letters give the impression to the least sophisticated consumer that it was possible a lawsuit could be brought on the loans. The Letters all stated in relevant part:

> If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social Security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

54.    The Letters also stated in relevant part:

Page **9** of **16**

> Your creditor or debt collector believes that the legal time
> limit (statute of limitations) for suing you to collect this debt
> may have expired.

55.     In fact, the statute of limitations had expired.

56.     The Letters imply the creditor could still bring a lawsuit within the statute of limitations to to collect the Lynch Debt and the Pepe Debt (collectively "the Debts") when that was not the case.

57.     The Letters implication that a lawsuit could still be brought within the statute of limitations was misleading and deceptive to the least sophisticated consumer in violation of the FDCPA

58.     TSI also violated the FDCPA because the Letters failed to clearly and unambiguously identify the creditor.

59.     The Letters deprived Plaintiffs of truthful, non-misleading, information in connection with TSI's attempt to collect the Debts.

## VIII.   CLASS ALLEGATIONS

60.     The Letters are form letters. Specifically, the Letters were created by merging electronically-stored information specific to the Debts (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letters.

61.     TSI's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiffs, both individually and on behalf of similarly situated individuals, pursuant to NY CLS CPLR § 901.

62.     ***Class Definition.*** The Class is defined as:

Page **10** of 16

> All natural persons to whom Transworld Systems, Inc. mailed a written communication in the form of *Exhibits A-C* to a New York address during the Class Period beginning on June 6, 2019 and ending on June 29, 2020 to collect a time-barred debt owned by a National Collegiate Student Loan Trust.

63.    Class members' identities are readily ascertainable from TSI's business records and the business records of those entities on whose behalf TSI collects debts.

64.    *Class Claims.* The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from TSI having sent a written communication in the same form as *Exhibits A-C.*

65.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of NY CLS CPLR § 901because there is a well-defined community interest in the litigation:

(a)    *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b)    *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by Defendant with respect to each Class member.

(c)    *Typicality.* The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

Page **11** of **16**

FILED: SUFFOLK COUNTY CLERK 06/06/2020 06:28 PM

NYSCEF DOC. NO. 1 Case 2:20-cv-04404-FB-AKT Document 1-2 Filed 09/18/20 Page 16 of 32 PageID #: RECEIVED NYSCEF: 06/06/2020 21

(d)    ***Adequacy.*** Plaintiff swill fairly and adequately protect the interests of the Class members insofar as they have no interests that are adverse to those of the Class members. Moreover, Plaintiffs are committed to vigorously litigating this matter and have retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

66.    Certification of a class under NY CLS CPLR § 901 is appropriate in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.    Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiffs may seek class certification: (a) only as to particular issues as permitted under NY CLS CPLR § 906, (b) using a modified definition of the Class or the Class Claims; and (c) a different Class Period.

## IX.    CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

68.    The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

69.    TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

70.    DOES are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

71.    The Lynch Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

72.    The Pepe Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

73.    Lynch is a "consumer" as defined by 15 U.S.C. § 1692a(3).

74.    Pepe is a "consumer" as defined by 15 U.S.C. § 1692a(3).

75.    ***Exhibit A*** is a "communication" as defined by 15 U.S.C. § 1692a(2).

76.    ***Exhibit B*** is a "communication" as defined by 15 U.S.C. § 1692a(2).

Page **12** of **16**

77.    ***Exhibit C*** is a "communication" as defined by 15 U.S.C. § 1692a(2).

78.    The use and mailing of ***Exhibits A-C*** by TSI violated the FDCPA in one or more following ways:

>    (1)    Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

>    (2)    Falsely misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

>    (3)    Threatening to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

>    (4)    Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10);

>    (5)    Using unfair means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f; and

>    (6)    Failing to clearly and unambiguously identify the creditor in violation of 15 U.S.C. § 1692g(a)(2).

## X.    PRAYER FOR RELIEF

79.    WHEREFORE, Plaintiffs demand judgment against TSI. Specifically, Plaintiffs request entry of an Order:

>    (1)    Certifying this action may be maintained as a class action pursuant to NY CLS CPLR § 901 including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel;

Page **13** of **16**

(2)     Awarding statutory damages to Plaintiffs and the Class pursuant to 15

U.S.C. § 1692k(a)(2);

(3)     Awarding an incentive award to Plaintiffs for their services on behalf of

the Class;

(4)     Awarding attorney's fees, litigation expenses, and costs pursuant to 15

U.S.C. § 1692k(a)(3);

(5)     Awarding, to the extent the recovery of attorney's fees, litigation

expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative

tax consequence to Plaintiffs and/or the Class, a sum sufficient to

ameliorate such consequences; and

(6)     Providing for such other and further relief as may be just and proper.

## XI.    JURY DEMAND

80.     Trial by jury is demanded on all issues so triable.

Page **14** of 16

Dated: June 6, 2020


*s/Francis R. Greene*
Francis R. Greene
Francis R. Greene
Alla Gulchina
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Alla@ SternThomasson.com

Simon Goldenberg
LAW OFFICE OF SIMON GOLDENBERG PLLC
818 East 16th Street
Brooklyn, New York 11230
Telephone: (347) 640-4357
E-mail: simon@goldenbergfirm.com

*Attorneys for Plaintiffs, Jennifer Lynch and*
*Tinamarie Pepe*

To:
TRANSWORLD SYSTEMS, INC.
5880 Commerce Boulevard, Rohnert Park, California 94928

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
------------------------------------------------------------------X

JENNIFER LYNCH and TINAMARIE PEPE, on behalf
of themselves and all others similarly situated,

                                                            Index No.:

                      Plaintiffs,

        v.

TRANSWORLD SYSTEMS, INC. and
JOHN AND JANE DOES 1-10,

                   Defendants.

------------------------------------------------------------------X


                      SUMMONS AND COMPLAINT

---

                      Stern Thomasson, LLP
               Law Office of Simon Goldenberg PLLC

                       Attorney(s) for

JENNIFER LYNCH, TINAMARIE PEPE AND ALL OTHERS SIMILARLY SITUATED
                        Plaintiff(s)

                    818 East 16th Street
                    Brooklyn, NY 11230
                    (347) 640- 4357

                                        **Page 16 of 16**

# *Exhibit A*

P.O. Box 15618
Dept. 926
Wilmington, DE 19850-5618
926.6808.EDGVI

Calls to or from this company may be monitored
or recorded.

JENNIFER LYNCH

DEER PARK NY 11729-6301

TRANSWORLD SYSTEMS INC
1105 SCHROCK ROAD SUITE 300
COLUMBUS, OH 43229
800-825-6523

Date: June 6, 2019
Our Account #: 83225347
Creditor: NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2006-2
Balance Due: $32561.41
This Balance is a Sum of Balances from 3 Accounts.
See additional page(s) for account detail.

The creditor, noted above, has placed your defaulted loan(s) with our agency for collection.

The creditor has informed us that this amount is due in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm and Friday 8:00am to 5:00pm (ET)

The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law.

Contact RICK FINSTERBUSCH at TRANSWORLD SYSTEMS INC. This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License# 2012424-DCA.

You may also make payment by visiting us on-line at https://payments.tsico.com. Your unique registration code is 8322534719.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Balance Due |
|---|---|
| 83225347 | $32561.41 |

JENNIFER LYNCH

Payment Amount

$ [ ][ ][ ][ ][ ] . [ ][ ]

Check here if your address has changed and print
your new address in the space provided below.

Make Payment To:

TRANSWORLD SYSTEMS INC
P.O. BOX 15109
WILMINGTON, DE 198505109

| School Name | Creditor's Account # | Cur Int Rate | Default Date | Former Creditor | |
|---|---|---|---|---|---|
| Lender Name | Principal | Interest | Coll Costs/Chgs | Other | |
| N/A | xxxxx4545/001-001000 | 8.24 | 02/03/12 | CHASE | Bal Due |
| CHASE | $6391.88 | $2839.36 | $0.00 | $0.00 | |
| N/A | xxxxx4545/002-001000 | 6.99 | 03/08/12 | CHASE | $9231.24 |
| CHASE | $5764.03 | $2041.69 | $0.00 | $0.00 | |
| N/A | xxxxx4545/003-001000 | 6.99 | 04/04/12 | CHASE | $7806.72 |
| CHASE | $11493.68 | $4030.77 | $0.00 | $0.00 | |
| | | | | | $15524.45 |

Total: $32561.41

TRANSWORLD SYSTEMS INC.
1105 SCHROCK ROAD SUITE 300
COLUMBUS. OH 43229
800-825-6523

...ton. DE 19850-5618
...926.6808.EDGV1

Calls to or from this company may be monitored
or recorded.

Date: June 6, 2019
Balance Due: $32561.41

121184 - 1

JENNIFER LYNCH
DEER PARK NY  11729-6301

0026 005641

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being used to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.



# *Exhibit B*

P.O. Box 15618
Dept. 926
Wilmington, DE 19850-5618
926.6809.EDGV1

TRANSWORLD SYSTEMS INC.
1105 SCHROCK ROAD SUITE 300
COLUMBUS, OH 43229
800-825-6523

Calls to or from this company may be monitored
or recorded.

Date: June 9, 2019
Our Account #: 83225360
Creditor: NATIONAL COLLEGIATE STUDENT LOAN
TRUST 2006-3
School Name: N/A
Lender Name: CHASE
Default Date: 09/04/12
Creditor's Account #: XXXXX4545/002-001000
Principal: $5764.03
Interest: $2,044.99
Current Interest Rate: 6.99
Collection Costs/Charges: $0.00
Other: $0.00
Current Balance Due: $7809.02

TINAMARIE PEPE

WEST ISLIP NY 11795-1101

Dear TINAMARIE PEPE:

The defaulted student loan(s) for which you cosigned has/have been placed with our office for collection.

Please forward payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm and Friday 8:00am to 5:00pm (ET)

The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law.

Contact RICK FINSTERBUSCH at TRANSWORLD SYSTEMS INC. This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License# 2012424-DCA.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---|---|
| 83225360 | $7809.02 |
| TINAMARIE PEPE | |

Payment Amount

$

Make Payment To:

TRANSWORLD SYSTEMS INC.
P.O. BOX 15109
WILMINGTON, DE 198505109

0926 000083225360 1 00780902 1 0001 9

P6809
2

P.O. Box 15618
Dept. 926
Wilmington, DE 19850-5618
926.6809.EDGV1

TRANSWORLD SYSTEMS INC.
1105 SCHROCK ROAD SUITE 300
COLUMBUS, OH 43229
800-825-6523

Calls to or from this company may be monitored
or recorded.

Date: June 9, 2019
Balance Due: $7809.02

121184 - 1

TINAMARIE PEPE

WEST ISLIP NY 11795-1101

0001 039273

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.

P6809
1

*Exhibit C*

P.O. Box 15618
Dept. 926
Wilmington, DE 19850-5618
926.6809.EDGV1

TRANSWORLD SYSTEMS INC.
1105 SCHROCK ROAD SUITE 300
COLUMBUS, OH 43229
800-825-6523

*Calls to or from this company may be monitored or recorded.*

Date: June 9, 2019
Our Account #: 83225363
Creditor: NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3
School Name: N/A
Lender Name: CHASE
Default Date: 10/01/12
Creditor's Account #: XXXXX4545/003-001000
Principal: $11493.68
Interest: $4,037.37
Current Interest Rate: 6.99
Collection Costs/Charges: $0.00
Other: $0.00
Current Balance Due: $15531.05

TINAMARIE PEPE

WEST ISLIP NY 11795-1101

Dear TINAMARIE PEPE:

The defaulted student loan(s) for which you cosigned has/have been placed with our office for collection.

Please forward payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm and Friday 8:00am to 5:00pm (ET)

The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law.

Contact RICK FINSTERBUSCH at TRANSWORLD SYSTEMS INC. This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License# 2012424-DCA.

*PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)*

------------------------------------------------------------------------------------

| Our Account # | Current Balance Due |
|---|---|
| 83225363 | $15531.05 |
| TINAMARIE PEPE | |

Payment Amount

$

Make Payment To:

TRANSWORLD SYSTEMS INC.
P.O. BOX 15109
WILMINGTON, DE 198505109

P.O. Box 15618
Dept. 926
Wilmington, DE 19850-5618
926.6809.EDGV1

TRANSWORLD SYSTEMS INC.
1105 SCHROCK ROAD SUITE 300
COLUMBUS, OH 43229
800-825-6523

Calls to or from this company may be monitored
or recorded.

Date: June 9, 2019
Balance Due: $15531.05

121184 - 2

TINAMARIE PEPE

WEST ISLIP NY  11795-1101

---

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again. If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-------------------------------------------------------------x
JENNIFER LYNCH and TINAMARIE PEPE, on behalf
of themselves and all other similarly situated

Plaintiff/Petitioner,

- against -                                      Index No.606633/2020

TRANSWORLD SYSTEMS, INC. and JOHN
AND JANE DOES 1-10

Defendant/Respondent.
-------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys
(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:  June 7, 2020

**Francis R. Greene**
_____
Name
Stern Thomasson LLP
_____
Firm Name

150 Morris Avenue, 2nd Floor
_____
Springfield, NJ 07081
_____
Address

(973) 379-7500
_____
Phone

Francis@sternthomasson.co,
_____
E-Mail

To:    Transworld Systems, Inc. c/o its
_____
111 8th Avenue
_____
New York, NY    10011-5201.
_____

2/24/20